UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARRYL ROBERTS, | Case No. 3:10-cv-23 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

**ORDER THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Doc. 16) IS GRANTED IN PART AND DENIED AND PLAINTIFF IS AWARDED $3,367.48 IN FEES**

This case is a Social Security disability benefits appeal under which the Court reversed and remanded the non-disability finding of the Administrative Law Judge ("ALJ") below. Seeking to be compensated for the legal expenses incurred in obtaining the reversal and remand, Plaintiff has filed a fee petition under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $3,367.48, which is opposed by the Commissioner of Social Security ("Commissioner"). (Doc. 17).

Plaintiff's fee request seeks payment for 19.6 hours of work at a rate of $171.81 per hour, totaling $3,367.48 (Doc. 16 at 1). Plaintiff's attorney also asks that the fee award be paid directly to her, attaching an assignment from Plaintiff of any EAJA attorney's fees awarded to him. (*Id.*, Att. 3 at 8). The Commissioner contests that Plaintiff merits the fee award, arguing that the government's position was substantially justified (Doc. 17 at 2). Additionally, the Commissioner argues that any fee award is payable to the Plaintiff rather than Plaintiff's counsel under the Supreme Court's decision in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010); (*Id.* at 4).

This Court first finds Commissioner's argument that its position in opposition to Plaintiff's disability was substantially justified entirely unpersuasive. The Court found that the ALJ's analysis of the opinions of Plaintiff's treating physician was "flawed" and further determined that the ALJ failed to give sufficient medical evidence to support his findings. (Doc. 14 at 11-12). As the Court stated: "the ALJ gave improper weight to the findings of an orthopedic surgeon who simply reviewed records and appeared to give significant weight to irrelevant medical records from 1999" (when the onset date was in July 2004!). *Id.* Moreover, there existed no evidence at all that Plaintiff had been assessed by a psychologist since 2005 although Plaintiff's treating physician emphasized the fact that, in addition to Plaintiff's physical ailments, Plaintiff's depression and anxiety impaired his ability to find and sustain work. These are fundamental improprieties of the ALJ, the support of which by the Defendant was not substantially justified.

2

Accordingly, in light of the Court's ultimate rejection of the ALJ's decision, and its fundamental improprieties, the Court simply cannot find that the Defendant's support of the ALJ's reasoning was substantially justified.

With regard to the fee recipient, the Court agrees with the Commissioner: the fee award shall be paid to Plaintiff. The apparent assignment agreement between Plaintiff and counsel is not properly before the Court. Under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), Plaintiff, as the prevailing party, is entitled to an award for the attorney's fees he incurred in securing a reversal and remand. How such fees are paid to his attorney is not contemplated by the EAJA, but is a matter of contract law between Plaintiff and counsel.

### III.

Therefore, the EAJA fee petition filed by Plaintiff (Doc. 16) is **GRANTED IN PART AND DENIED IN PART** as set forther herein, and Plaintiff is **AWARDED** the sum of **$3,367.48** in fees.

**IT IS SO ORDERED.**

Date: 7/6/11

Timothy S. Black
United States District Judge

3